**Opinion issued August 18, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00088-CV

————————————

## IN THE INTEREST OF E.S.T. AKA E.T. A Child

---

### On Appeal from the 315th District Court
### Harris County, Texas
### Trial Court Case No. 2019-01176J

---

## MEMORANDUM OPINION

Appellant S.C.S. ("Mother") seeks to appeal the February 3, 2021 order terminating her parental rights to her child, E.S.T. a/k/a E.T. The same order terminated the parental rights of D.L. ("Father"). After Mother and Father filed their notices of appeal, the trial court granted Father's motion for new trial, rendering the

February 3, 2021 order interlocutory. This Court severed Father's appeal into appellate cause number 01-21-00197-CV and dismissed his appeal.

This Court does not have jurisdiction over interlocutory appeals of parental termination decrees. *See In re C.R.D.*, No. 03-19-00561-CV, 2019 WL 4281929, at *1 (Tex. App.—Austin Sept. 11, 2019, no pet.) (mem. op.) (dismissing termination appeal where order did not dispose of all parties and issues); *In re E.A.F.*, No. 14-13-00618-CV, 2013 WL 4945751, at *1 (Tex. App.—Houston [14th Dist.] Sept. 12, 2013, no pet.) (mem. op.) (same); *In re F.M.-T.*, No. 02-12-00522-CV, 2013 WL 1337789, at *1 (Tex. App.—Fort Worth Apr. 4, 2013, no pet.) (mem. op.) (same); *see also In re G.A.A.-G.*, No. 14-13-00947-CV, 2013 WL 6046044, at *1 (Tex. App.—Houston [14th Dist.] Nov. 14, 2013, no pet.) (dismissing appeal after trial court granted motion for new trial on issue of conservatorship and reinstated temporary order naming Texas Department of Family & Protective Service as child's temporary managing conservator).

On May 4, 2021, the Texas Department of Family & Protective Services ("Department") filed an unopposed motion to abate Mother's appeal until the trial court adjudicated Father's claims. The Department argued: "Because the trial court's timely grant of the father's motion for new trial rendered the underlying orders terminating the mother's parental rights interlocutory, this Court no longer has jurisdiction to hear the mother's appeal." On May 18, 2021, we issued an order

abating the appeal. As of this date, the parties have not filed a motion to reinstate the appeal or otherwise informed this Court why we would now have jurisdiction over this appeal.

Accordingly, we lift the abatement, reinstate the appeal on the Court's active docket, and dismiss the appeal for want of jurisdiction. The dismissal is without prejudice to the filing of a new appeal after the trial court signs a final judgment.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.